UNITED STATES of America, Petitioner/Appellee/Cross–Appellant,

v.

Frank S. ZOLIN, Respondent/Appellee,

and

Church of Scientology of California and Mary Sue Hubbard, Intervenors/Appellants/Cross–Appellees.

Nos. 85–6065, 85–6105.

United States Court of Appeals, Ninth Circuit.

June 20, 1990.

Gary R. Allen, Tax Div., Dept. of Justice, Washington, D.C., for petitioner/appellee/cross-appellant.

Eric M. Lieberman, Rabinowitz, Boudin, Standard, Kninsky & Lieberman, New York City, for intervenors/appellants/cross-appellees.

Frederick Bennett, County Counsel, Los Angeles, Cal., for respondent/appellee.

Before GOODWIN, Chief Judge, BROWNING and FARRIS, Circuit Judges.

FARRIS, Circuit Judge:

The facts of this case are set forth in our previous opinion, *United States v. Zolin,* 809 F.2d 1411 (9th Cir.1987), *aff'd in part and vacated in part,* — U.S. —, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989). We now resolve whether tapes of two meetings of the Mission Corporate Category Sortout project are admissible under the crime-fraud exception to the attorney-client privilege in light of the Supreme Court's ruling in *United States v. Zolin,* — U.S. —, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989). We hold that the tapes are admissible.

"To invoke the [crime-fraud] exception successfully the party seeking disclosure ... must make out a prima facie case that the attorney was retained in order to promote intended or continuing criminal or fraudulent activity." *United States v. Hodge & Zweig,* 548 F.2d 1347, 1353, 1354 (9th Cir.1977). The Government has presented the following evidence of intended illegality: (1) Agent Petersell's Supplemental Declaration of March 8, 1985, (2) Petersell's Supplemental Declaration of March 15, 1985, and (3) partial transcripts of the tapes themselves.[1]

In our first *Zolin* opinion we examined only the independent evidence presented—items one and two above—and held that "while not altogether insubstantial, [this evidence] is not sufficient to make out the requisite prima facie showing of intended illegality." 809 F.2d at 1419. In its decision, the Supreme Court held that

evidence that is not "independent" of the contents of allegedly privileged communications—like the partial transcripts in this case—may be used not only in the pursuit of *in camera* review, but also may provide the evidentiary basis for the ultimate showing that the crime-fraud exception applies.

*Zolin,* 109 S.Ct. at 2632 n. 12. We must therefore examine the transcripts and determine whether they, along with the independent evidence already reviewed, demonstrate sufficient evidence of intended illegality to establish that the tapes are within the crime-fraud exception. We hold that they do.

The partial transcripts demonstrate that the purpose of the MCCS project was to cover up past criminal wrong-doing. The MCCS project involved the discussion and planning of future frauds against the IRS, in violation of 18 U.S.C. § 371. *See, e.g., United States v. Carruth,* 699 F.2d 1017, 1021 (9th Cir.1983), *cert. denied,* 464 U.S. 1038, 104 S.Ct. 698, 79 L.Ed.2d 164 (1984). The figures involved in MCCS admit on the tapes that they are attempting to confuse and defraud the U.S. Government. The purpose of the crime-fraud exception is to exclude such transactions from the protection of the attorney-client privilege.

---

1. The Government has also attempted to present the declaration of Agent Philip Xanthos as evidence, but we have already denied the Government permission to present this declaration and will not consider it here. *See* March 3, 1987 Order.

We therefore reject the district court's holding that the Government did not make out a case of intended illegality. In light of the Supreme Court's holding that the tapes themselves can be examined for proof that would establish the crime-fraud exception, the transcripts can be examined, and they appear to make out the Government's case on intended illegality. On remand the district court should admit the MCCS tapes into evidence, subject to any objections the parties might make at that time.[2]

REVERSED AND REMANDED.

---

**2.** The issue of the potential illegality of the transcripts, mentioned by the Supreme Court, *see Zolin,* 109 S.Ct. at 2624 n. 5, is not properly before this court. The Church did not raise this issue in its original appeal, and we will not consider it on a later remand. *See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec,* 854 F.2d 1538, 1547–48 (9th Cir.1988).